IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>HORACIO SOLIS, JR.,<br><br>                Defendant. | Case No. 3:14-CR-30181-NJR-1 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

On January 31, 2025, Defendant Horacio Solis, Jr., filed a Motion to Travel or, In the Alternative, for Early Termination of Supervised Release. (Doc. 891). Solis, through counsel, sought permission to travel to Mexico to visit his dying grandmother. (*Id.*). Alternatively, Solis requested early termination of his five-year term of supervised release. (*Id.*). The motion represented that Solis had completed approximately half of his supervised release term without any violations and that his U.S. Probation Officer in the Southern District of Texas, Jacqueline Hernandez, had "no objection to either Mr. Solis being granted permission to travel or terminated early from supervision." (*Id.*).

After considering Solis's compliance with the terms of his supervision, his successful reentry into public life, the 18 U.S.C. § 3553(a) factors, and U.S. Probation's lack of objection, the Court found that the interest of justice warranted the early termination of Solis's supervised release and granted his motion. (Doc. 892). That same day, the United States filed a motion to reconsider and request to respond. (Doc. 893). The Government stated that it spoke with Solis's Probation Officer who "would not

recommend early termination of supervised release based on 'an assaultive history that is of concern.'" (*Id.*). The Government further explained that Solis's history of violence included three convictions for aggravated assault and one for assault causing bodily injury. (Doc. 895). Additional factors leading the Probation Office to believe that Solis would not be a good candidate for early termination of supervised release included his role in the crime, his career offender status, and his PCRA supervision level of Low/Moderate -2. (*Id.*). Although neither the Government nor Probation recommended that the Court terminate Solis's supervision, they did not oppose his request to travel. (*Id.*).

In light of the Government's response (Doc. 895), the Court reviewed the PSR and Solis's history of assault. Two of the convictions for aggravated assault occurred out of the same incident in 2004 when Solis was 21 years old (he is now about to turn 42). (Doc. 627 at p. 17). The other two convictions arose out of a single incident in October 2011. (*Id.* at pp. 18-19). The Court also spoke with Ms. Hernandez, Solis's Probation Officer in Texas. Ms. Hernandez indicated that upon speaking to counsel for Solis, she stated Probation had "no position" on whether Solis's supervised release should be terminated early. Ms. Hernandez further stated that Solis has been working, his drug tests have been clean, and he remains cooperative with the terms of his release.

After the Court spoke with Ms. Hernandez, Solis filed a reply. (Doc. 896). Counsel for Solis states that when she spoke to Probation, Ms. Hernandez indicated she did not object to early termination as Solis had been compliant on supervision, had no problems, and was doing well. (*Id.*). Ms. Hernandez further indicated that Probation deferred to the

Court's discretion in deciding early termination. (*Id.*). In support of his early termination, Solis states that his prior assault convictions are remote in time, he has not reoffended for two and a half years, and he has availed himself of Probation's assistance to reenter lawful society. (*Id.*). Additionally, he is on a low level of supervision, and he has a strong incentive to continue to act lawfully—his desire to remain connected to his family in both the United States and Mexico. (*Id.*).

While the Court acknowledges the seriousness of Solis's criminal history, those offenses, which occurred many years ago, were factored into his original sentence. Solis has served approximately half of his supervised release term without incident, and as he stated in his reply, he is "acutely aware" that his criminal activity caused him to be separated from his family for more than a decade. The Court believes in rehabilitation and finds that Solis has demonstrated both his willingness to respect the law and his ability to successfully become a contributing member of society.

For these reasons, the Court **DENIES** the Government's Motion to Reconsider (Doc. 893). The Court's previous Order Terminating Supervised Release remains in effect.

**IT IS SO ORDERED.**

DATED:   February 5, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**